IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
                                          x
JAMES ALLEN AND ROBERT L. THOMAS
                    Appellants

vs.

PRIMARY RESIDENTIAL MORTGAGE INC.

                    Appellees
                                          x
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/2022
```

Case No. 22-CV-3666(NSR)

Appellants' motion is denied for failure to follow this Court's individual rules. The Clerk of Court is kindly directed to terminate the motion at ECF No 12.

Dated: May 25, 2022
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**MEMO ENDORSED**

### OBJECTION MOTION TO STRIKE NON-PARTY J.P. MORGAN CHASE BANK N.A. FILINGS AS APPELLEES AS THEY NOT PARTY TO THE ORIGINAL PROCEEDINGS

TO THE HONORABLE JUDGE OF SAID COURT:

James Allen and Robert L. Thomas (the "Appellants"), files this objection to Non-Party J.P. Morgan Chase Bank N.A., filings as a ("Appellee") seeking "Designation of Additional Items for the Records on Appeal" when in fact they were not designated or named as a party to the bankruptcy litigation and never filed a motion to intervene:

### A. Appellants Claims before the Bankruptcy Court

1. On March 20, 2022, Non-debtors James Allen and Robert L. Thomas (the "Appellants"), initiated a contested matter by filing a motion entitled *"Motion Determining Scope of the Preclusive Effect of a Chapter 13 Plan and Determining Whether the Automatic Stay Applies under Section 362(c)(3)(A) and for Contempt"* in the bankruptcy court case entitled In re Elizabeth Thomas case No. 18-23676. See **Exhibit** 1 Attached hereto.

2. The contested matter involved a State of Texas lawsuit filed in **2018**, in the 133rd Judicial District Court, Harris County, Texas entitled *James Allen and Robert L. Thomas vs. McCarthy &Holthus LLP, on Behalf of Non-Existent Flagstone Lending Group a Utah Corporation and Successor/Assignee J.P. Morgan Chase Bank N.A. and Elizabeth Thomas* under Cause No. **2018-14171** See **Exhibit** 2 Attached hereto.

3. Non-debtors James Allen and Robert L. Thomas (the "Appellants"), had sued the Defendants *McCarthy &Holthus LLP, on Behalf of Non-Existent Flagstone Lending Group a Utah Corporation and Successor/Assignee J.P. Morgan Chase Bank N.A. and Elizabeth Thomas*, in regard to an October 25, 2007, "Deed of Trust" *formerly* recorded in the Harris County Real Property to lender FLAGSTONE LENDING GROUP, a Utah Corporation once encumbering the property, as the property had been set for foreclosure. Non-debtors James Allen and Robert L. Thomas then added Elizabeth Thomas as a party to the lawsuit due to the "alleged" lien against the property.

4. On November 30, 2018, Non-Party Defendant Elizabeth Thomas filed a motion for summary judgment in Cause No. **2018-14171** based on a question of law that the October 25, 2007, "Deed of Trust" *formerly* recorded in the Harris County Real Property to lender FLAGSTONE LENDING GROUP, a Utah Corporation does not constitute a valid lien encumbering said property, (determining the validity of a lien). The validity of lien on property is a **question of law**. See: *Florey v. Estate of McConnell* real, 212 S.W.3d 439(Tex. App.-Austin 2006, pet. Denied)

5. Defendants *McCarthy &Holthus LLP, on Behalf of Non-Existent Flagstone Lending Group a Utah Corporation and Successor/Assignee J.P. Morgan Chase Bank N.A,*

never filed a cross-response, objected to the evidence supporting the motion for summary judgment, a cross-counter/claim or cross-summary judgment to Defendant Elizabeth Thomas Motion for summary judgment.

6. On February 14, 2019, the Honorable Judge Jaclanel McFarland of the 133rd District Court, Harris County, Texas signed a "*plaintiff take nothing order*"[1] in granting Defendant Elizabeth Thomas motion for summary judgment dismissed Elizabeth Thomas and the whole case with prejudice. See **Exhibit** 3 Attached hereto.

### B. Appellants Claims against Apellees Primary Residential Mortgage Inc.,

7. More than thirty-days after the final judgment of February 14, 2019, Primary Residential Mortgage Inc., (the "Appellee"), filed a "Original Petition of Intervention" "Motion to Set Aside Elizabeth Thomas Summary Judgment" and "Motion for New Trial" on March 18, 2019. Primary **never served** any of the prior defendants Elizabeth Thomas or *McCarthy & Holthus LLP, on Behalf of Non-Existent Flagstone Lending Group a Utah Corporation and Successor/Assignee J.P. Morgan Chase Bank N.A.,* whom were dismissed on February 14, 2019. See **Exhibit** 4 Attached hereto.

8. As a result the only parties remaining in the 133rd State Court litigation were the Plaintiffs James Allen and Robert L. Thomas, (the "Appellants"), and Primary

---

[1] The summary judgment "**order is final**" wherein it states that the "plaintiff take nothing"; this is true "***even if it was found that the order was incorrectly granted, it is final***." See Ritzell v. Espeche 87 S.W.3d 536 (Tex. 2002). See also Jacobs v. Satterwhite 65 S.W.3d 653 (Tex. 2001); Almanara World Class Rest., Inc. v. Caspian Enters., Inc. No. 14-02-00347-CV, 2003 WL 748180, at *4, ---S.W.3d ----, ---- (Tex.App.-Houston [14th Dist.] Mar. 6, 2003, no pet. h.) (stating that a take-nothing judgment is a dismissal with prejudice and ***a final judgment on the merits of the case***). Nguyen v. Desai, 132 S.W.3d 115 (Tex. App. 2004); Harrell v. Godinich, NO. 01-16-00338-CV (Tex. App. Dec. 5, 2017) ***portion of trial court's judgment ordering plaintiffs take nothing constituted*** "a dismissal with prejudice on the merits of the [plaintiffs'] claims"); see also Daniels v. Empty Eye, Inc., 368 S.W.3d 743, 754 (Tex. App.—Houston [14th Dist.] 2012, pet. A final judgment on an action extinguishes the right to bring suit on the same transaction, or series of connected transactions, out of which the action arose. Barr v. Resolution Truse Corp. ex rel. Sunbelt Fed. Sav., 837 S.W.2d 627, 631 (Tex. 1992).

Residential Mortgage Inc., (the "Appellee"). The case lay dormant for almost three years without litigation until January of 2022.

9. Beginning in January of 2022, Primary Residential Mortgage Inc., (the "Appellee") whom alleges to be the debtor Elizabeth Thomas original creditor under the October 25, 2007, "Deed of Trust" formerly recorded in the Harris County Real Property to lender FLAGSTONE LENDING GROUP, a Utah Corporation, moved the Court to set aside its order granting Defendant Elizabeth Thomas "Motion for Summary Judgment." (again without serving Defendant Elizabeth Thomas)

10. Primary Residential Mortgage Inc., (the "Appellee") as the alleged creditor sought to re-litigate the claims filed against Defendant Elizabeth Thomas in regard to the October 25, 2007, "Deed of Trust" _**formerly**_ recorded in the Harris County Real Property to lender FLAGSTONE LENDING GROUP, a Utah Corporation to enforce the collection of payment under said deed of trust without serving Defendant Elizabeth Thomas with citation or its original petition.

11. Instead Primary Residential Mortgage Inc., (the "Appellee") sought to re-litigate said claims against Defendant Elizabeth through the James Allen and Robert L. Thomas (the "Appellants"), instead of simply serving their original petition on the dismissed defendants i.e. Elizabeth Thomas.

### C. Appellants Requested Relief from the Bankruptcy Court

(i) Whether Preclusive Effect of a Chapter 13 Plan Confirmation Order confirming a chapter 13 plan from which there is no appeal is regarded as an order that is entitled to full faith and credit by other courts and is res judicata as to all questions pertaining to such plan which were raised or could have been raised?

(ii) Whether the automatic stay provided by section 362(c)(3)(A) of the Bankruptcy Code when terminated with respect to the debtor and her property, is still in effect as to causes of action owned by the debtor which become property of the bankruptcy estate pursuant to 11 U.S.C. § 541, ?

### D. Parties Named in the Bankruptcy Litigation

12. Appellants James Allen and Robert L. Thomas failed to serve the Motion on Non-Party Debtor Thomas as set forth under Federal Rules of Bankruptcy Procedure, Rule 2002(a), providing that notice of motion **_must_** be given to the **_debtor_**, the debtor's attorney, the trustee, all creditors, all indenture trustees, and any persons requesting special notice under Fed. R. Bankr. P. 2002(i), Debtor Elizabeth Thomas was not designated or named as a party to the litigation as such was never served as required pursuant to Fed. R. Bankr. P., Rule 2002(a).

13. Appellants did not serve Non-party J.P. Morgan Chase Bank N.A., as they are not designated or named as a party to the litigation as such was never served as required pursuant to Fed. R. Bankr. P., Rule 2002(a). The only parties designated and named in the Bankruptcy court litigation are Non-debtors James Allen and Robert L. Thomas (the "Appellants") and Primary Residential Mortgage Inc. (the "Appellee").

### E. Non-Party J.P. Morgan Chase Bank N.A. Appeal and New Lawsuit

14. On April 11, 2022, Non-Party J.P. Morgan Chase Bank N.A., filed what can be only considered a "de facto equivalent" of an "appeal" based on the pleadings as means to re-litigated all of its claims that were already litigated or that could have been litigated against the Non-Party Debtor Elizabeth Thomas prior to her December 20, 2020, confirmation (the "Final Judgment").

15. On April 11, 2022, Non-Party J.P. Morgan Chase Bank N.A. also initiated "**new lawsuit**" against the Non-Party Debtor Elizabeth Thomas. Non-Party J.P. Morgan Chase pleaded claims in regard to an alleged **March 3, 2020**, foreclosure allegedly under October 25, 2007, "Deed of Trust" *formerly* recorded in the Harris County Real Property to lender FLAGSTONE LENDING GROUP, a Utah Corporation.

16. Non-Party J.P. Morgan Chase Bank N.A., lawsuit raised new claims about the June 18, 2020, order "directing the Trustee not to make payment to Chase." The order is related to Document 28. On March 15, 2019, J.P. Morgan Chase filed a response to the Debtor Motion to Dismiss [**EFC. No.38**]. The Debtor's Motion to Dismiss was never set for a hearing before the court as it was withdrawn prior to this June **18, 2020** order.

| 06/22/2020 | 🔍 114 | Order signed on 6/18/2020 Directing Trustee Not to Make Payment to Chase (related document(s)38). (Vargas, Ana) Modified on 6/22/2020 (Tavarez, Arturo). (Entered: 06/22/2020) |

See **Exhibit** 5 Attached hereto.

17. Non-Party J.P. Morgan Chase Bank N.A., never filed a Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, as incorporated into Rule 7024 of the Federal Rules of Bankruptcy Procedure, in order to become a party to the litigation. Accordingly, they never became a party to the litigation. As such the bankruptcy court had neither subject matter jurisdiction over said claims nor personal jurisdiction.

18. Non-Party J.P. Morgan Chase Bank N.A.'s pleadings constitutes a "de facto equivalent" of an "appeal" or "new lawsuit" which does not fit any of the categories of Rule

7(a), as it does not present a "claim or defense" **_related to the existing litigation_** pending before the court pleaded by the Appellants.

19. Non-Party J.P. Morgan Chase Bank N.A. never served its new lawsuit as required under Federal Rules of Bankruptcy Procedure, Rule 2002(a), which provides that notice of motion **_must_** be given to the **_debtor._** Appellants James Allen and Robert L. Thomas did not seek to make Non-Party J.P. Morgan Chase Bank N.A. a party to the contested matter proceeding either as a plaintiff or defendant.

F. **Appellants Objection to Non-Party JP Morgan Chase Appeal and New Lawsuit**

20. On April 25, 2022, James Allen and Robert L. Thomas (the "Appellants"), filed an objection to Non-Party J.P. Morgan Chase Bank N.A.de facto equivalent' of an appeal' and "new lawsuit."   The Appellants objection argued that Non-Party J.P. Morgan Chase Bank N.A. had asserted new claims that are not pending or relevant to there Motion before the Court. Non-Party J.P. Morgan Chase Bank N.A. has effectively removed the Appellants claims from before the Court and replaced them by asserting new claims of their own which include additional parties not before the court. Non-Party J.P. Morgan Chase Bank N.A. objected to its own claims all of which are barred under the doctrine of res judicata.

21. The Appellants reasserted before the Court that they had **_no_** pleadings before the Court seeking a determination to whether a **_formerly_** recorded Deed of Trust to Flagstone Lending Group a Utah Corporation organized and existing under the laws of

the **State of Utah** was a valid lien as to Non-Party J.P. Morgan Chase Bank N.A. against said property.

22. The Appellants argued that there motion was filed seeking the court to determine whether Primary Residential Mortgage Inc.,(the "Appellee") could "collaterally attack" Debtor Thomas December 29, 2020, confirmation order by re-litigating the same claims already litigated by Non-Party J.P. Morgan Chase Bank N.A. against Debtor Elizabeth Thomas via third parties, James Allen and Robert L. Thomas when Debtor Elizabeth Thomas is the real defendant.

23. The issue is whether Primary Residential Mortgage Inc., (the "Appellee) is a "party in interest", including a debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, with standing to raise and/or may appear be heard on any issue in a case under this chapter. 11 U.S. Code § 1109(b).

24. As Primary Residential Mortgage Inc., a Nevada Corporation, was making a claim as a creditor based on a Texas assumed d/b/a under the name Flagstone Lending Group. However, the Flagstone Lending Group stated on said Deed of Trust *is not* a Texas assumed d/b/a, but rather it is a corporation organized and existing under the laws of the **State of Utah**. Primary Residential Mortgage Inc. failed to appear and answer the Motion knowing that they lack standing before this Court as a lender is MTH Lending Group.

25. Non-Party J.P. Morgan Chase Bank N.A. was never named as a party to the bankruptcy litigation and never filed a "Motion to Intervene" to become a party as such. Non-Party J.P. Morgan Chase Bank N.A. is not an Appellee to this appeal as the order

appealed from has no binding effect on non-parties to a litigation according to Non-party J.P. Morgan Chase themselves. The bankruptcy lacked both subject matter and personal jurisdiction over Non-Party J.P. Morgan Chase Bank N.A. claims.

26. Secondly, Appellants argued that Primary Residential Mortgage Inc. state court actions violated the Honorable Judge Sean H. Lane January 13, 2022, order denying lifting the bankruptcy stay as to re-litigate causes of action owned by the debtor which become property of the bankruptcy estate pursuant to 11 U.S.C. § 541. See **Exhibit** 6 Attached hereto.

## ARGUMENT AND AUTHORIES

27. Rule 24 of the Federal Rules of Civil Procedure, as incorporated into Rule 7024 of the Federal Rules of Bankruptcy Procedure, states, in pertinent part:

(a) <u>Intervention of Right</u>. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by federal statute: or

(2) claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

28. Under Rule 24(c), "ordinarily, a person desiring to intervene seeks to join a pending action either as a plaintiff or as defendant." <u>Kamerman v. Steinberg</u>, 681 F.Supp. 206, 211 (S.D.N.Y. 1988). The intervenor presents a "claim or defense" ***<u>related to the existing litigation</u>***, which the intervenor seeks to pursue in the existing litigation, rather

than through a separate lawsuit, by aligning as plaintiff or defendant. Fed.R.Civ.P. 24(c). <u>Lexington Ins. Co. v. Caleco, Inc</u>., 2003 WL 21652163 (E.D. Pa. 2003).

29.     In this case, Non-Party J.P. Morgan Chase Bank N.A. did not seek to join a pending action either as a plaintiff or as defendant.   Further, it did not plead or present a "claim or defense" **_related to the existing litigation_** involving a lawsuit filed in the year of **2018**, in the 133rd Judicial District Court, Harris County, Texas entitled *James Allen and Robert L. Thomas vs. McCarthy &Holthus LLP, on Behalf of Non-Existent Flagstone Lending Group a Utah Corporation and Successor/Assignee J.P. Morgan Chase Bank N.A.* under Cause No. 2018-14171.

30. Instead, Non-party JP Morgan filed a 'whole new suit'  and pleadings that constitute  a 'de facto equivalent' of an appeal' by raising claims for the sole purpose of re-litigating claims against the Non-Party Debtor that were already litigated or could have litigated in the main bankruptcy proceedings prior the December 29, 2020, confirmation order (the "Final Judgment").

31. Non-Party J.P. Morgan Chase Bank N.A. pleadings constitute a 'de facto equivalent' of an appeal  that are collaterally attacking the claims that were already/previously litigated or could been litigated against the Non-Party Debtor prior to her December 20, 2020 confirmation order (the "Final Judgment") by relitigating the same exact claims again.

32.     Non-Party J.P. Morgan Chase Bank N.A. effectively removed the Appellants claims from before the Court and replaced them by asserting new claims of their own. The new claims are of an alleged  March 3, 2020 foreclosure and alleged June 18, 2020

order from the bankruptcy court all of which include additional parties not before the court. Thereinafter, within the same pleadings Non-Party J.P. Morgan Chase Bank N.A. objected to its own claims all of which are barred under the doctrine of res judicata. The bankruptcy lacked subject matter jurisdiction over Non-Party J.P. Morgan Chase "Appeal" and "New Lawsuit" and lacked personal jurisdiction.

33. Non-party JP Morgan claims are not related **_to the existing litigation_**. [T]he rule is not intended to allow for the creation of whole new suits by intervenors" nor can the rule "be used as a means to interject collateral issues into an existing action." _Wash. Elec_., 922 F.2d at 97; see _N.Y. News, Inc. v. Kheel_, 972 F.2d 482, 486 (2d Cir. 1992)

34. Moreover, Non-Party J.P. Morgan Chase Bank N.A.'s pleading does not appear to satisfy the procedural requirements of Rule 24(c). Non-Party J.P. Morgan Chase Bank N.A.'s pleadings does not fit neatly within the scope of any other pleading identified by Rule 7(a). It incorporates claims that were already litigated or could have been litigated against the Non-Party Debtor prior to the debtor December 29, 2020, bankruptcy confirmation order (the "final judgment"). Nor does the pleading seek to align Non-party JP Morgan either as a plaintiff or as a defendant in the contested matter litigation. A failure to comply with Rule 24(c) is grounds, of and by itself, would cause for denial of a motion to intervene. See _Hill v. Kan. Gas Serv. Co_., 203 F.R.D. 631, 634 (D. Kan. 2001); _School Dist. of Phila. v. Penn. Milk Mktg.Bd_., 160 F.R.D. 66, 67 (E.D. Penn. 1995). "If the would-be intervenor's claim or defense contains no question of law or fact **_that is raised also by the main action_**, intervention would have been denied." 7C Charles A. Wright,

Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure: Civil 3d § 1911, at 453 (2007).

## CONCLUSION

Rule 24 of the Federal Rules of Civil Procedure, as incorporated into Rule 7024 of the Federal Rules of Bankruptcy Procedure, which has a procedure for which a *non-party* to existing litigation who seeks to become a party to the litigation **_must_** follow by filing a Motion to Intervene. Non-Party J.P. Morgan Chase Bank N.A. never filed a motion to intervene and does not seek to join the litigation either as a plaintiff or defendant. Non-Party J.P. Morgan Chase Bank N.A. has failed by proper pleading to present a claim or defense related to the **_existing litigation_** for which relief is sought, and has failed to establish a basis for either intervention of right or permissive intervention. The bankruptcy lacked subject matter jurisdiction over Non-Party J.P. Morgan Chase Bank N.A.'s appeal and new lawsuit, and also lacked personal jurisdiction over the parties. Accordingly, Non-Party J.P. Morgan Chase Bank N.A.'s was never a named or designated party to the main Bankruptcy litigation and as such is not any Appellee.

Dated: May 24, 2022

    Respectfully submitted,

    COLLEEN M. MCCLURE
    ATTORNEY AT LAW

    **/s/Colleen M. McClure**
    COLLEEN M. MCCLURE
    Texas Bar No. 24012121
    18482 Kuykendahl Rd. Box 106
    Spring, Texas 77379
    Tel. (281) 440-1625
    Fax. (281) 946-5627

colleen.mcclure@att.net

**ATTORNEY FOR THE APPELLANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 24, 2022, a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties designated as parties registered to receive electronic notice in this case and by regular mail with the United States Post Office upon the Appellee:

Andrew T. McKinney IV
MCKINNEY T AYLOR P.C.
Three Riverway, Suite 900
Houston, Texas 77056

JOSEPH R. ALEXANDER, JR
THE ALEXANDER FIRM, PLLC.
Two Greenway Plaza, Suite 650
Houston, Texas 77046

**ATTORNEY'S FOR PRIMARY RESIDENTIAL MORTGAGE INC. (the APPELLEE)**

                                          */s/Colleen M. McClure*